This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Nichole Dallas and Kristen Kates, appeal from judgments of the Summit County Court of Common Pleas that entered judgment on a jury verdict for Defendants-Appellees, Leroy E. Mitchell and Allstate Insurance Company ("Allstate"). This Court affirms.
Because appellants failed to include a transcript of proceedings in the record on appeal, the facts are rather sketchy. According to the allegations of the complaint, on March 10, 1996, Dallas was driving a vehicle owned by her mother, Kates, when she was involved in a collision with a vehicle driven by Leroy Mitchell. Claiming that Mitchell was at fault and that he had no automobile insurance coverage, they attempted to recover uninsured motorist coverage under a policy Kates held with Allstate. Allstate apparently refused to provide uninsured motorist coverage.
On July 9, 1997, Dallas and Kates filed this action against "Leroy E. Mitchell" and Allstate.[1] They alleged that Mitchell's negligence had caused Dallas and Kates to suffer damages and that Allstate had breached its insurance contract with Kates and acted in bad faith by denying her claim for uninsured motorist coverage.
On May 11, 1999, Dallas and Kates filed a motion for default judgment against Mitchell, alleging that he had failed to plead or otherwise appear. The trial court eventually denied that motion because, even though Mitchell had entered no appearance in the action, Allstate had stepped into his shoes to litigate the issues. The case proceeded to trial. Following a defense jury verdict, the trial court entered judgment for both defendants. Dallas and Kates appeal and raise three assignments of error, which will be addressed together for ease of discussion.
Assignment of Error I
 The trial court erred as matter of law by allowing the issue of liability to go to the jury after appellants were granted a default judgment against appellee Mitchell.
Assignment of Error II
 The trial court erred as a matter of law in finding that appellants failed to get "consent to sue" and that appellee Allstate was not bound by the default judgment against Mitchell.
Assignment of Error III
 The trial court erred as a matter of law in denying appellants' motion for judgment notwithstanding the verdict, or alternatively for new trial.
Each of appellants' assigned errors is premised on their apparent understanding that at trial, the trial judge granted them a default judgment against Mitchell. Given a default judgment against Mitchell, they assert, the issue of his liability should not have been litigated because his liability had already been determined by the default judgment. This Court need not detail the additional reasoning of their arguments because the underlying premise fails.
The record reflects that the trial court denied appellants' motion for default judgment against Leroy Mitchell, finding that "[a]lthough Defendant Mitchell was served and failed to answer or otherwise plead, Defendant, Allstate Insurance Co., stepped into the shoes of Defendant Mitchell for purposes of trial." Because the entire premise of appellant's arguments is not demonstrated by the record, all three of their assignments of error are without merit and are overruled accordingly.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
BATCHELDER, P.J. and BAIRD, J. concur.
[1] The complaint was initially served on the wrong "Leroy E. Mitchell" and a default judgment was granted against that person. The trial court later vacated that judgment.